# BENJAMIN N. SMITH, County Judge, etc.

*v.*

## THE PEOPLE *ex rel.* S. K. Bartholomew.

1. PAUPERS *in McHenry county—whether a town or county charge.* The act of February 10, 1853, entitled "An act to provide for the support of paupers in Bureau and McHenry counties," having been adopted in the latter county many years ago, whereby paupers were made a township charge, is not repealed by the seventh section of the act of April 19, 1869, entitled "An act to amend chapter 50 of the Revised Statutes, entitled 'Idiots and Lunatics,' and extend the provisions thereof to habitual drunkards."

2. LUNATICS AND INSANE PERSONS—*statute relating to, construed.* The seventh section of the act of April 19, 1869, amendatory of the chapter of the Revised Statutes, entitled "Idiots and Lunatics," which provides that overseers of the poor in every county shall take charge of the body of any

person so insane, etc., and shall have power to confine him, and shall comfortably support him and make an account thereof and return the same to the county court, whose duty it shall be to make an order on the county treasurer to pay the same, was intended to apply only to the insane, lunatics, etc., mentioned in the first section as having an estate, and who, after due service of process, have been found by a jury to be such, as otherwise the same would be unconstitutional.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. JOSLYN & SLAVIN, for the plaintiff in error.

Mr. A. B. COON, for the defendant in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was a proceeding by *mandamus,* in the circuit court of McHenry county, to compel the county court of that county to make an order requiring the county treasurer to pay relator the amount of an account returned to such county court by him as supervisor and *ex officio* overseer of the poor in and for the town of Coral in said county, and which account accrued for the care, support and maintenance by such overseer of one Winifred Dougherty, a resident of said town, and described in the alternative writ as "an insane pauper."

There was a demurrer to the alternative writ, which was overruled by the court, and the respondent electing to abide by the demurrer, judgment was given for relator, and the case brought here by writ of error. The question is, whether this charge should be borne by the town of Coral, where the pauper resided, or by the county.

It was admitted by the parties that the provisions of the act of February 10, 1853, entitled "An act to provide for the support of paupers in Bureau and McHenry counties," had been adopted in the latter county more than ten years before these proceedings, and ever since acted upon by the several townships in the county.

The third section of the act (Laws 1853, p. 262,) provides, "that in case separate township support shall be adopted in said county, agreeably to the provisions of the first section of this act, then the overseers of the poor of the several townships aforesaid shall take charge of, maintain and support the poor of their respective townships in manner as is now or may hereafter be provided by law; and all expenses incurred for such maintenance and support shall be considered a township charge, and it shall be the duty of said overseers to present to the board of township auditors of their respective townships, at each regular meeting thereof, a true account of all expenditures incurred under the provisions of this act, which shall be audited and paid."

The 4th section provides "that sections 14, 15 and 16 of chapter 80 of the Revised Statutes, entitled 'Paupers,' shall apply to and operate as between the several townships of said county in the same manner as they do between the several counties of this State," etc.

An act was passed April 19, 1869, entitled "An act to amend chapter 50 of the Revised Statutes, entitled 'Idiots and Lunatics,' and extend the provisions thereof to habitual drunkards."

The body of the act is in exact conformity with what is expressed in the title.

The first section amends the first section of chapter 50, which provided for the circuit court ordering a jury, where any idiot, lunatic or distracted person has any estate, real or personal, to ascertain the fact of idiocy or lunacy by superadding the case of an habitual drunkard, and the appointment of a conservator, as in the case of an idiot, lunatic or distracted person.

The second section provides for the conservator's bond; the third relates to the issuing and service of summons upon the alleged idiot, lunatic or drunkard; the fourth and fifth prescribe the powers and duties of conservators; the sixth, that they may sue and be sued. Then the seventh, which is

almost a literal copy of the sixth section of chapter 50, is as follows: "Overseers of the poor in every county shall take charge of the body of any person *so* insane, lunatic or distracted, and shall have power to confine him or her, and shall comfortably support such person, and make an account thereof and return the same to the county court, whose duty it shall be to make an order requiring the treasurer of said county to pay the same out of any money in the treasury of said county not otherwise appropriated."

The eighth section avoids all contracts made with such idiots, lunatics, insane or distracted persons or habitual drunkards, after the verdict of the jury. The ninth makes all bartering and trading with them, by which any valuable thing is obtained, swindling, and visited with the same penalties.

The tenth and eleventh provide for the restoration of property and removal of disabilities, when the insane person is restored to reason, and the drunkard reformed, and which fact is also to be determined by a jury. The twelfth section declares that "all acts or parts of acts in conflict with the provisions of this act are hereby repealed."

Now it is insisted, on behalf of the relator, that the seventh section is in conflict with the provisions of the special act of 1853, relating to paupers, and therefore such special act is thereby repealed.

The special act for McHenry county has been expressly adopted by the voters thereof, and acted upon for many years. It relates to town paupers; provides for their support by the towns in which they reside. It makes no distinction between sane and insane paupers. The act of 1869 makes no reference to paupers. The subject matter is confined to idiots, insane, lunatic, distracted persons and habitual drunkards, who possess an estate, real or personal, which they are unfit to manage.

From the language of the seventh section and context, it is clear that the legislature intended that section to apply only to the insane, lunatic and distracted persons mentioned in the

first section as having an estate, and who, after due service of process, had been found by a jury to be such. We must give it that construction, or hold that the legislature exceeded its constitutional power. An act which purported to confer upon overseers of the poor, or any other officers, the arbitrary and dangerous power of taking and confining, in any place of their own choosing, the body of any person in the county, whom they, in their judgment, might deem insane, lunatic or distracted, without any trial or other legal proceeding by which the fact could be judicially ascertained, would be in derogation of the rights of civil liberty guaranteed by the constitution.

In this view, there is no conflict between the two acts; therefore, the judgment of the court below must be reversed.

*Judgment reversed.*